1  JEFFER, MANGELS, BUTLER & MARMARO LLP
   JEFFREY K. RIFFER (Bar No. 87016), *JRiffer@jmbm.com*
2  RYAN S. MAUCK (Bar No. 223173),
   *RMauck@jmbm.com*
3  1900 Avenue of the Stars, Seventh Floor
   Los Angeles, California  90067-4308
4  Telephone:  (310) 203-8080
   Facsimile:   (310) 203-0567
5
   Attorneys for Plaintiffs Toyota Motor Sales, U.S.A., Inc.
6  and Toyota Jidosha Kabushiki Kaisha also doing
   business as Toyota Motor Corporation
7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

| | |
|---|---|
| 11  TOYOTA MOTOR SALES, U.S.A., INC., a California corporation, and 12  TOYOTA JIDOSHA KABUSHIKI KAISHA also doing business as 13  TOYOTA MOTOR CORPORATION, a Japanese corporation, 14 | CASE NO.  CV08-4805 SVW (PLAx) STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION |
| 15                    Plaintiffs, | |
| 16       v. | |
| 17  FLEETRATES.COM, INC., a California corporation; and DOES 1 through 10, 18  inclusive, | |
| 19                    Defendant. | |

20

21            IS HEREBY ORDERED AND ADJUDGED THAT:

22            1.     This Court has jurisdiction over the subject matter of this action and the

23  parties thereto, specifically, plaintiffs Toyota Motor Sales, U.S.A., Inc. ("Toyota

24  Motor Sales") and Toyota Jidosha Kabushiki Kaisha also doing business as Toyota

25  Motor Corporation ("Toyota Motor Corporation") (collectively, "Toyota"), and

26  defendant FleetRates.com ("Defendant").

27            2.     Toyota is the owner of rights in the federal trademark registration for the

28  mark TOYOTA (the "Toyota Mark") in the United States in connection with the

                              -1-       STIPULATED CONSENT JUDGMENT

importation, distribution, and sale of motor vehicle products, and with the provision of related repair and maintenance services.  The U.S. Patent and Trademark Office has issued trademark/service mark registrations for the Toyota Mark including, but not limited to, Reg. Nos. 843,138; 1,274,261; 1,338,339; 1,589,552; 1,698,252; 1,721,365; and 1,888,870, and such registrations are valid and enforceable.  The Toyota Mark is famous as that term is defined by federal and state law and is entitled to protection from dilution as provided by law.

3.     Toyota is the owner of rights in the federal trademark registration for the mark LEXUS (the "Lexus Mark") in the United States in connection with the importation, distribution, and sale of motor vehicle products, and with the provision of related repair and maintenance services.  The U.S. Patent and Trademark Office has issued trademark/service mark registrations for the Lexus Mark including, but not limited to, Reg. Nos. 1,574,718; 1,675,339; 1,739,201; 1,814,753; 2,852,290; and 1,834,147, and such registrations are valid and enforceable.  The Lexus Mark is famous as that term is defined by federal and state law and is entitled to protection from dilution as provided by law.

4.     Toyota is the owner of rights in numerous trademarks for the model names of Toyota, Lexus and Scion motor vehicle products, including but not limited to the following marks implicated in this action:  "GS"; "GX"; "RX"; "LX"; ES"; IS"; "LS"; "SC"; "GS350"; "RX350"; "IS250"; "GS450h"; "LS460"; "RX400H"; "SC430"; "GX470"; "LX470"; "LS400"; "ES350"; "GS460"; "LX570"; "LS600h."

5.     Collectively, the marks described in paragraphs 2-4 above are referred to herein as the "Toyota Marks."

6.     Defendant uses, has registered, legally owns, beneficially owns, and/or controls directly or through third parties or private registration services numerous URL domain names which contain and are confusingly or deceivingly similar to the Toyota Marks, including the following specific domain names (collectively, the "Infringing Domain Names"):

| | | |
|---|---|---|
| 1 | A. | 2008lexuses350.com |
| 2 | B. | 2008lexusgs350.com |
| 3 | C. | 2008lexusgs450h.com |
| 4 | D. | 2008lexusgs460.com |
| 5 | E. | 2008lexusgx470.com |
| 6 | F. | 2008lexusis250.com |
| 7 | G. | 2008lexusls460.com |
| 8 | H. | 2008lexusls600h.com |
| 9 | I. | 2008lexuslx470.com |
| 10 | J. | 2008lexuslx570.com |
| 11 | K. | 2008lexusrx350.com |
| 12 | L. | 2008lexusrx400h.com |
| 13 | M. | 2008lexussc430.com |
| 14 | N. | 2009gx470.com |
| 15 | O. | 2009is250.com |
| 16 | P. | 2009lexusgs350.com |
| 17 | Q. | 2009lexusgs460.com |
| 18 | R. | 2009lexusls460.com |
| 19 | S. | 2009lexusls460l.com |
| 20 | T. | 2009lexusls600h.com |
| 21 | U. | 2009lexuslx570.com |
| 22 | V. | 2009lexususls460l.com |
| 23 | W. | 2009rx350.com |
| 24 | X. | dealsjmlexus.com |
| 25 | Y. | dealslexus.com |
| 26 | Z. | exportlexus.com |
| 27 | AA. | importlexus.com |
| 28 | BB. | importtoyota.com |

| | | |
|---|---|---|
| 1 | CC. | jmlexusdeals.com |
| 2 | DD. | jmlexusprice.com |
| 3 | EE. | jmlexusrates.com |
| 4 | FF. | leuxusbuy.com |
| 5 | GG. | leuxusbuys.com |
| 6 | HH. | lexus.fleetratesnews.com |
| 7 | II. | lexuscompare.com |
| 8 | JJ. | lexusleaseoffers.com |
| 9 | KK. | lexuslowprices.com |
| 10 | LL. | lexusrates.com |
| 11 | MM. | lexusretailers.com |
| 12 | NN. | lexussaleprices.com |
| 13 | OO. | lexuswebsite.com |
| 14 | PP. | longolexusboard.com |
| 15 | QQ. | newlexusprices.com |
| 16 | RR. | pricelongolexus.com |
| 17 | SS. | priceslexus.com |
| 18 | TT. | rateslexus.com |
| 19 | UU. | rateslongolexus.com |
| 20 | VV. | toyotaleaseoffers.com |
| 21 | WW. | traderlexus.com |

22    7.    Defendant has also included the Toyota Marks in the "metatags" for its

23 websites.

24    8.    Toyota has alleged that its rights in the Toyota Marks have been violated

25 by Defendant's use of the Toyota Marks.

26    9.    The following individuals and entities (collectively, the "Bound Parties")

27        (a)    Defendant,

28        (b)    Defendant's successors, assigns, directors, officers, employees,

agents, independent contractors, servants, shareholders, insurers, parents, subsidiaries, affiliates and

(c)    all those persons controlled by or in active concert or participation with the foregoing who receive actual notice of this Consent Judgment by personal service or otherwise;

are hereby permanently enjoined and restrained from:

A.    Registering or owning any URL domain name containing any of the Toyota Marks or any other trademark in which Toyota holds rights, including, without limitation, (i) Toyota's vehicle model names for Toyota, Lexus, and Scion brand vehicle products, and (ii) Toyota's trademarks that are the subject of registrations in the U.S. Patent and Trademark Office (collectively, together with the Toyota Marks, the "Enjoined Toyota Marks");

B.    Marketing, selling, or advertising goods and services using the Infringing Domain Names, or any other mark confusingly similar to the Enjoined Toyota Marks, or otherwise using the Enjoined Toyota Marks or any mark confusingly similar to the Enjoined Toyota Marks in a manner that infringes Toyota's rights;

C.    Diluting the distinctive quality of the Enjoined Toyota Marks or injuring Toyota's business reputation in any manner whatsoever; and/or

D.    Unfairly competing with Toyota in any manner whatsoever, or engaging in any unfair, fraudulent or deceptive business practices that relate in any way to the manufacture, distribution, advertisement, and sale of goods or services under the Infringing Domain Names, or any other mark confusingly similar to the Enjoined Toyota Marks.

10.    Defendant is ordered to transfer to Toyota, or cause the Bound Parties to transfer to Toyota, the Infringing Domain Names and any other domain name owned by Defendant which incorporates any of the Enjoined Toyota Marks, not later than ten (10) days after entry of this Order.

11.     Defendant is ordered to immediately delete or destroy all promotional, marketing, and advertising materials, including, without limitation, advertisements, and brochures, bearing the Infringing Domain Names or any other domain name owned by Defendant which incorporates any of the Enjoined Toyota Marks.

12.     Within thirty (30) days of the entry of this Consent Judgment, Defendant shall, pursuant to 15 U.S.C. § 1116(a), file with the Court and serve upon Toyota's counsel a report setting forth the manner and form in which Defendant has complied with this Judgment.

13.     Defendant shall take all reasonable steps to ensure that the Bound Parties do not violate the terms of this Consent Judgment.  Defendant shall not assist any entity, directly or indirectly, in violating the terms of this Consent Judgment or in forming or assisting in the formation of new business entities whose conduct would violate the terms of this Consent Judgment if they were bound by the Judgment.

14.     This Court shall retain jurisdiction over the parties hereto for the purposes of any proceeding to enforce this Consent Judgment.  In the event the Bound Parties or any of them violate any of the terms of this Consent Judgment, Toyota shall be entitled to immediately seek an order to show cause as to why an injunction should not issue to prohibit such violation.  In the event the Court determines that any violation of this Consent Judgment has taken place, Toyota shall be entitled to its reasonable attorney fees and costs incurred in addressing such violation.

15.     Notwithstanding any contrary provisions of the Federal Rules of Civil Procedure, and notwithstanding the absence of any findings of fact and/or conclusions of law by this Court, any requirements for which have been expressly waived by Toyota and Defendant, this Consent Judgment is a final judgment in this action and suitable for entry by the Clerk pursuant to Fed. R. Civ. P. 58 and 79(a). All rights to appeal this final judgment, on any basis, have been expressly waived by Defendant.

16.     Defendant shall pay Toyota the sum of Ten Thousand Dollars ($10,000.00) within fifteen (15) days of entry of this Order, by cashier's check payable to "Toyota Motor Sales, U.S.A., Inc." delivered to Toyota's undersigned counsel of record.

17.     Plaintiffs, through their undersigned counsel, and Defendants, through its undersigned counsel, hereby consent to the entry of the foregoing Consent Judgment.

                    IT IS SO AGREED

DATED:  December 2, 2008          JEFFER, MANGELS, BUTLER & MARMARO LLP
                                  JEFFREY K. RIFFER


                                  By: _____
                                          JEFFREY K. RIFFER
                                  Attorneys for Plaintiffs Toyota Motor Sales, U.S.A., Inc. and Toyota Jidosha Kabushiki Kaisha also doing business as Toyota Motor Corporation

DATED:  December 2, 2008          HANKIN PATENT LAW, A PROFESSIONAL CORPORATION
                                  MARC E. HANKIN, ESQ.

                                  By: _____
                                          MARC E. HANKIN, ESQ.
                                  Attorneys for Defendant Fleetrates.com, Inc.


                    IT SO ORDERED.


DATED:  _December 2, 2008
                                  _____
                                  THE HONORABLE STEPHEN V. WILSON